1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAWNA L.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C20-5239-BAT

**ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S FINAL DECISION**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the Court

should reverse and remand the case because post-decision evidence submitted to the Appeals

Council supports her claim, and the ALJ misevaluated her testimony, the lay evidence, and the

medical evidence. Dkt. 17 at 1.  For the reasons below, the Court **REVERSES** the

Commissioner's final decision and **REMANDS** the case for further proceedings under sentence

four of 42 U.S.C. § 405(g). .

## BACKGROUND

Plaintiff is currently 45 years old, has a high school diploma and has worked as a

babysitter and caregiver.  Tr. 282.  In March 2017, she applied for benefits, alleging disability as

of September 1, 2000.[1]  Tr. 260-69.  Her application was denied initially and on reconsideration.

---

[1] Plaintiff amended the alleged onset date to March 16, 2017.  *See* Tr. 81.

Tr. 170-73, 181-87.  The ALJ conducted a hearing in March 2019 (Tr. 77-101), and subsequently found Plaintiff not disabled.  Tr. 48-61.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since her application date.

**Step two:**  Plaintiff's other and unspecified arthropathies; obesity; osteoarthritis and allied disorders; migraines; degenerative disc disease; depressive, bipolar and related disorders; trauma- and stressor-related disorders; fibromyalgia; and a recent history of right shoulder surgery are severe impairments.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:**  Plaintiff can perform light work with additional limitations: she can occasionally climb, but not climb ladders, ropes, or scaffolds.  She can occasionally stoop, crouch, kneel, and crawl.  She can occasionally reach overhead with the right arm.  She should avoid strong vibration, noise levels above moderate (level III), concentrated exposure to noxious fumes and odors, and workplace hazards.  She is limited to simple, entry-level work, with no public interaction and superficial interaction with co-workers.

**Step four:**  Plaintiff has no past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 48-61.

## DISCUSSION

**A.    Evaluation of the Medical evidence**

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 2

1    Treating Rheumatologist James Nakashima, M.D., examined Plaintiff in November 2015

2  and December 2017; in November 2018 he completed a "fibromyalgia medical source statement"

3  regarding the impact of fibromyalgia on Plaintiff's functioning.  Tr. 634-37. The ALJ rejected

4  Dr. Nakashima's opinions on the grounds the doctor (1) examined Plaintiff only twice; (2) was

5  unaware of Plaintiff's other impairments such as migraines and degenerative disc disease; (3) did

6  not sufficiently support his conclusions; and (4) assessed extreme limitations that are inconsistent

7  with Plaintiff's ability to drive, sit while traveling to and attending the hearing, manage her

8  children's schedules, prepare meals, complete housework, shop in stores, play games on her

9  phone, watch television, use a computer, and interact online.  Tr. 58.  Tr. 57-58.  Plaintiff

10  contends none of these reasons are valid.[4]

11    **1.      Number of Examinations**

12    That Dr. Nakashima treated Plaintiff twice is, alone, an invalid reason to reject his

13  opinions. *See Tarleton v. Colvin,* 2015 WL 6673652 at *5 (C.D. Cal., Oct. 29, 2015) ("The ALJ

14  erred in discounting Dr. Unwalla's opinion on the ground that, as an examining physician, he

15  examined Tarlton once. *See Brown v. Colvin*, 2015 WL 3823938, at *8 n.9 (C.D. Cal. June 19,

16  2015) (citing *Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1192 (E.D. Wash. 2009) (ALJ erred in

17  discounting examining physician's opinion based on one examination.").

18    **2.      Familiarity with the Record**

19    The ALJ discounted Dr. Nakashima's opinions because the doctor noted only one

20  impairment, fibromyalgia, when the record shows she has numerous impairments. Tr. 57-58.

21  Plaintiff was referred, by Donna Lynde, NP, to Dr. Nakashima for the purpose of addressing her

22

23

---

[4] Plaintiff also suggests the ALJ relied on the State agency opinions to discount Dr. Nakashima's opinion, but the ALJ's decision does not so indicate. *See* Dkt. 17 at 7.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 3

fibromyalgia. Tr. 539 ("Fibromyalgia Increased dosage today. Referral placed to rheumatology for follow-up.").  Based upon the referral, Dr Nakashima, a rheumatologist, thus focused on Fibromyalgia. But his focus on fibromyalgia does not mean he was unaware Plaintiff had other conditions and impairments. Dr. Nakashima, Ms. Lynde and others work at PeaceHealth. The PeaceHealth records shows Dr. Nakashima's December 2017 evaluation is sandwiched between records generated by Ms. Lynde and others that discuss Plaintiff's other physical and mental impairments. *See e.g.* Tr. 527-547. It would be unreasonable to conclude Dr. Nakashima was unaware of his own medical clinic's records or the contents of the records of Ms. Lynde, the referring NP. The ALJ's finding is thus not supported by substantial evidence.

### 2.    Lack of Support for Clinical Findings

The ALJ also rejected Dr. Nakashima's opinion as unsupported and overly reliant upon Plaintiff's self-reports. Tr. 58. The ALJ erred. *See Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir.2001) (ALJ errs by discounting a treating physician's opinion due to a lack of objective evidence for fibromyalgia); *see also Tully v. Colvin*, 943 F. Supp.2d 1157, 1167-68 (E.D. Wash. 2013) ("The lack of objective clinical findings in this case of fibromyalgia is insufficient to support the ALJ's rejection of Dr. Stevenson's opinions regarding Plaintiff's functional capacity.").

The ALJ also erred in rejecting Dr. Nakashima's opinion as overly reliant upon Plaintiff's self-reports. There is no dispute Plaintiff's Fibromyalgia, is a severe condition that could cause her complaints. The record does not show Dr. Nakashima was merely parroting what Plaintiff told him in assessing her functioning and performed no professional medical evaluation. Substantial evidence thus does not support the ALJ's determination.

### 3.    Plaintiff's Activities

1    The ALJ rejected Dr. Nakashima's opinions as inconsistent with Plaintiff's activities, such

2    as transporting her children to school, playing video games, watching television, and preparing

3    meals.  *See, e.g.*, Tr. 58 (citing 290-93). The record does not show that these are more than

4    minimal activities. Further Dr. Nakashima did not opine Plaintiff could not perform such daily

5    activities. Rather he opined would have good and bad days; could sit an hour at a time; could

6    stand 20 minutes at a time; could walk ¼ block and had lifting and concentration limitations. *See*

7    Tr. 635-37. It cannot be reasonably said that these limitations necessarily preclude, or are

8    inconsistent with, Plaintiff's activities. The ALJ's finding is therefore not supported by

9    substantial evidence.

10            **4.      Dr. Nakashima's Post-Hearing Medical Records**

11            Because the ALJ misevaluated Dr. Nakashima's opinions, the Court need not address

12   whether the doctor's post-decision records mandate remand. On remand the ALJ shall reassess

13   Dr. Nakashima's opinions and consider the post-decision records.

14   **B.    Plaintiff's Testimony**

15           The ALJ found Plaintiff's medically determinable impairments could reasonably cause

16   the symptoms he alleged, Tr. 54, and was thus required to provide "specific, clear, and

17   convincing" reasons supported by substantial evidence to reject his testimony. *Trevizo v.*

18   *Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ rejected Plaintiff's testimony because he

19   found her allegations (1) inconsistent with and/or not fully supported by the objective medical

20   record, and (2) inconsistent with her activities.  Tr. 54-57.  As discussed above the ALJ erred in

21   rejecting Dr. Nakashima's opinions as not supported by objective evidence and inconsistent with

22   Plaintiff's activities. The ALJ thus similarly erred in rejecting Plaintiff's testimony.

23

The Court also notes the ALJ concluded his discussion of Plaintiff's testimony by indicating he declined to "list every single inconsistency between the claimant's self-report and the evidence of record here.  It is in the record to see."  Tr. 57.  This finding is not sufficiently specific and reflects an erroneous understanding of an ALJ's obligation to enter findings that permit judicial review.  *See Brown-Hunter v. Colvin,* 806 F.3d 487, 493, (9th Cir. 2015) ("A finding that  a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991))); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

## C.    Lay Testimony

The ALJ rejected the testimony of Plaintiff's former mother-in-law, a statement from her friend Victoria Albright, and a statement from her roommate Joseph Mainard.  Tr.  313-20, 342-49, 381-91.

### 1.    Plaintiff's ex-mother-in-law, Theresa

The ALJ rejected Theresa's testimony as inconsistent with the objective medical evidence and with Plaintiff's activities. As discussed above because the ALJ erred in rejecting Dr. Nakashima's opinions and Plaintiff's testimony relying on these grounds, the ALJ similarly erred in rejecting Theresa's testimony.

### 3.    Mr. Mainard

Plaintiff argues the ALJ impermissibly cherry-picked inconsistencies between the record and Mr. Mainard's testimony. Dkt. 17 at 11.  This argument is unpersuasive.  The ALJ found

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
FINAL DECISION - 6

Mr. Mainard's testimony internally inconsistent as he stated Plaintiff can only stand for five

minutes at one time, but also said she can shop for an hour at a time. *See* Tr. 59 citing 381, 384.

The ALJ also found Mr. Mainard not familiar with Plaintiff's functioning because he described

shoulder limitations without apparently know Plaintiff's shoulder problems improved after her

surgery. Tr. 59. The ALJ also noted Mr. Mainard claimed Plaintiff cannot get out of bed most

days with even though Plaintiff said she took her children to and from school every day. *Id*. The

ALJ also noted although Mr. Mainard said Plaintiff cannot do housework, Plaintiff told her

therapist she cleaned her house to stay busy. Tr. 59-60. Substantial evidence supports the ALJ's

finding and the Court accordingly affirms the ALJ determination to discount Mr. Mainard's

testimony.

### 2.    Ms. Albright

The ALJ found the RFC accounts for Ms. Albright's statements that Plaintiff is

depressed, in pain, and affects her ability to socialize. Tr. 59. Plaintiff argues the ALJ failed to

account for Ms. Albright's description of Plaintiff's canceling or refusing plans due to pain. Dkt.

17 at 10 (citing Tr. 390). The ALJ acknowledged Ms. Albright described Plaintiff's social life as

impacted by pain but found that the record demonstrated Plaintiff could socialize to some degree

despite her pain. Tr. 59. This finding is supported by substantial evidence. *See, e.g.*, Tr. 585-

608 (describing Plaintiff's socializing with family and friends). Plaintiff has not shown that the

ALJ erred in assessing Ms. Albright's statement as inconsistent with the record.

### CONCLUSION

Plaintiff contends the ALJ harmfully erred and the Court should remand for calculation

of an award of benefits. The Court remand for benefits only in the rare case and this is not such a

case. Dr. Nakashima's opinion and the testimony of both Plaintiff and Theresa must be

reassessed and that is something the Court declines to do on appeal in the first instance. Further proceedings would be beneficial to reassess and weigh this evidence and the Court thus concludes remand for further proceedings is appropriate.

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall reassess the opinions of Dr. Nakashima and the testimony of Plaintiff and Theresa; develop the record and redetermine the RFC as needed and proceed to the remaining steps as appropriate.

DATED this 1st day of March 2021.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge